# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                          Case No. 05-20122-JWL
                                                         Case No. 12-2440-JWL

**Kansas A. Ellis,**

    **Defendant.**

## MEMORANDUM & ORDER

On December 7, 2005, Kansas Ellis was charged in a two-count Indictment with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On February 27, 2006, Mr. Ellis entered a guilty plea to one count of the Indictment. The presentence investigation report (PSIR) classified Mr. Ellis as an armed career criminal and, ultimately, on May 15, 2006, Mr. Ellis was sentenced to the statutory mandatory minimum of 15 years' imprisonment.

On January 9, 2007, Mr. Ellis filed a § 2255 petition alleging that he received ineffective assistance of counsel because his counsel failed to investigate whether two of his prior drug convictions qualified as "serious drug offenses" under the provisions of 18 U.S.C § 924(e) such that he should not have been classified as an armed career criminal. The government conceded the argument. On March 5, 2007, the court granted Mr. Ellis's motion and set the case for re-sentencing on March 26, 2007. Thereafter, the probation office prepared a revised PSIR, calculating a sentencing guideline range of 77 to 96 months' imprisonment. On March 26, 2007, the court resentenced Mr. Ellis to a term of 77 months' imprisonment.

On June 29, 2012, Mr. Ellis sent a letter to the court expressing concerns pertaining to his sentence. Specifically, Mr. Ellis asserts that he does not recall that a new PSIR was prepared at the time of his resentencing and that, in the absence of a new or revised PSIR, he believes mistakes occurred in the calculation of his base offense level. The court docketed the letter as a motion to vacate under § 2255 and established a briefing schedule. The motion is now ripe and is denied for two independent reasons. First, the motion is time-barred under the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2255(f). Second, as noted above, the probation office did, in fact, prepare a revised PSIR in advance of Mr. Ellis's March 2007 re-sentencing. The revised PSIR reflects that Mr. Ellis's counsel had the opportunity to review it and, in fact, made certain objections to it. Thus, even if Mr. Ellis had timely filed his motion, the court would nonetheless deny that motion on the merits.

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 63) is denied.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2012, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2